2009 OK 32

STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

**John Duane COOK, Respondent.**

SCBD No. 5516.

Supreme Court of Oklahoma.

May 11, 2009.

### ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION WHILE UNDER SUSPENSION AND PENDING DISCIPLINARY PROCEEDINGS

¶1 Before this Court is the affidavit of John Duane Cook (Respondent), filed pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2001, ch. 1, app. 1–A, requesting that he be allowed to resign his membership in the Oklahoma Bar Association (OBA) and relinquish his right to practice law pending disciplinary proceedings and the OBA's application for the resignation's approval. Respondent is currently suspended from practicing law for non-compliance with the Rules for Mandatory Continuing Legal Education, 5 O.S.2001, ch. 1, app. 1–B, rules 3–6, by order of this Court filed on June 30, 2008, SCBD # 5426.

¶2 On February 6, 2009, the OBA filed a complaint under Rule 6 of the RGDP with this Court against Respondent. In Count I, the OBA alleged that a client had hired Respondent to represent him in two legal matters. Two cases were filed against the client, one on January 1, 2006, and the other one on March 20, 2006. Respondent entered appearances on behalf of his client in both cases. In August of 2006, the client paid Respondent $8,000.00 for the representation. Thereafter, Respondent failed to advise the client of discovery requests and failed to contact the opposing counsel regarding a possible settlement as he had said he would do. Respondent closed his office and moved to Pennsylvania without telling his client and without withdrawing from the cases.

¶3 Unbeknownst to the client, a default judgment was entered against him in one of the cases. When the client tried to contact Respondent, he discovered that Respondent's phone had been disconnected, and the client then contacted another attorney to represent him. The new attorney and the client attempted to contact Respondent on numerous occasions to secure the return of the client's files and for an accounting. Respondent failed to return the files or to give an accounting. The new attorney was able to get the default judgment vacated. Respondent had still not returned the files or provided an accounting. The client filed a grievance with the OBA. On June 12, 2008, Respondent filed a written response to the OBA's request for information regarding the grievance, admitting the client's cases got away from him and admitting he failed to return the client's files or to provide an accounting. Respondent offered to make restitution and pay the amount of the default judgment. The complaint alleged in Count I that Respondent violated Rules 1.1, 1.3, 1.4, 1.5, 1.15, 1.16, and 8.4(a) and (d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2001 & Supp.2008, ch. 1, app. 3–A.

¶4 In Count II of the complaint, the OBA alleged that, after Respondent filed the written response required by Rule 5.2 of the RGDP, the OBA contacted Respondent numerous times about the return of the client's files and about the accounting. Respondent failed to respond to the OBA's request for the files' return and the accounting. The OBA alleges that this conduct violates Rules 1.15, 1.16, 8.1(b), and 8.4(a) of the ORPC and Rules 1.3 and 5.2 of the RGDP. Rule 5.2 of the RGDP requires a lawyer who has been served with a copy of a grievance to make a full and fair disclosure in writing of all the facts and circumstances, without deliberate misrepresentation, within twenty days after service of the grievance. Failure to do so under Rule 5.2 of the RGDP is grounds for discipline. We note that Count II's allegations do not support a violation of Rule 5.2 of the RGDP.

¶5 Respondent's affidavit regarding his resignation pending disciplinary proceedings states:

a. He is currently suspended by order of this Court, SCBD # 5426, from the practice of law for failure to comply with mandatory continuing legal education requirements;

b. His resignation is freely and voluntarily given without coercion or duress, and he is aware of the consequences of submitting his resignation;

c. He is aware of the disciplinary complaint filed against him, that the OBA has the burden of proving the allegations against him, and that approval of his resignation is discretionary with this Court;

d. He is familiar with and agrees to comply with Rule 9.1 of the RGDP and acknowledges and agrees, as a prerequisite to reinstatement, to comply with Rule 11 of the RGDP;

e. He acknowledges that the Client Security Fund may receive claims from his former clients and agrees to reimburse the Fund the principal amounts and statutory interest for claims which it approves and pays as a prerequisite to his reinstatement to the practice of law;

f. He agrees to cooperate in identifying active cases wherein documents and files need to be returned or in cases where he owes fees or refunds:

g. He acknowledges that the OBA has incurred costs in the investigation of the disciplinary proceeding against him but that the OBA will recommend that the imposition of costs against him be waived; and

h. He has surrendered his OBA membership card to the Office of the General Counsel.

¶6 Pursuant to Rules 8.1 and 8.2 of the RGDP, this Court finds:

a. Respondent's resignation from the OBA is freely and voluntarily tendered without coercion or duress, and he is fully aware of the consequences of submitting his resignation;

b. Respondent is subject to discipline by this Court under Rule 6 of the RGDP and has knowingly waived his right to

appear before this Court to show cause why he should not be disciplined;

c. Respondent's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1 of the RGDP and should be accepted;

d. The OBA has not sought payment of the costs incurred in the investigation of this matter; and

e. Respondent's official roster address, as shown by OBA records, is John Duane Cook, OBA # 19072, 376 High Street, Milton, PA 17847.

¶ 7 IT IS THEREFORE ORDERED that the OBA's application is approved and Respondent's resignation is accepted and effective upon the filing of this order in the Office of the Clerk of the Appellate Courts.

¶ 8 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five years from the effective date of this order. *See* RGDP, Rules 8.2 and 11.1.

¶ 9 IT IS FURTHER ORDERED that Respondent shall notify all of his clients having legal business pending with him of his inability to represent them and of the necessity for promptly retaining new counsel by certified mail within twenty days pursuant to Rule 9.1 of the RGDP. Respondent is also ordered to return all client files and refund unearned fees. As a condition of reinstatement, Respondent shall reimburse the Client Security Fund for any monies expended because of the Respondent's malfeasance or nonfeasance. *See id.* at Rule 11.1(b).

¶ 10 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 11th day of May, 2009.

/s/ James E. Edmondson
CHIEF JUSTICE

ALL JUSTICES CONCUR.